## Case No. 10,349.

### NORTON v. BARKER et al.

[1 Wkly. Notes Cas. 29.]

Circuit Court, E. D. Pennsylvania. Oct. 19, 1874.

CONSTRUCTION OF BANKRUPTCY ACT OF 1867, § 2 [14 STAT. 517] — LIMITATION OF ACTIONS BY OR AGAINST ASSIGNEE.

This was an action of assumpsit commenced July 10, 1872. The narr. contained the common counts, the date of promise laid therein being August 31, 1867. The defendants pleaded that the cause of action had not accrued to the assignee within two years of action brought. The replication admitted the truth of the plea, but alleged that said action was not brought for any cause of action which had accrued for said plaintiff against any one claiming an adverse interest touching any property or rights of property of said bankrupt, but for the collection of certain sums of money due the estate of said bankrupt by said defendants. The defendants demurred to the replication.

Mr. Hollingsworth (with whom was George W. Biddle), for defendants, in support of the demurrer, cited—

1. As to the meaning of the words "any person claiming an adverse interest": Mitchell v. Great Works Milling & Manuf'g Co. [Case No. 9,662]; McLean v. Lafayette Bank [Id. 8,885]; Cleveland v. Boerum, 24 N. Y. 613; Pritchard v. Chandler [Case No. 14,-456]; Smith v. Mason, 14 Wall. [81 U. S.] 419.

2. As to the construction of the act so as to make the limitation of two years apply to all actions by or against an assignee: Comegys v. M'Cord, 11 Ala. 932; Harris v. Collins, 13 Ala. 388; Pike v. Lowell, 32 Me. 245; Peiper v. Harmer, 8 Phila. 100.

Page & Bispham, for plaintiff, cited—

1. As to confining the concurrent jurisdiction of the circuit court, under this section of the bankrupt act, to cases where the opposite parties to a suit claim by a title different from, or adverse to, each other: Bachman v. Packard [Case No. 709]; Morgan v. Thornfield, 11 Wall. [78 U. S.] 65; Sherman v. Bingham [Case No. 12,762]; Beecher v. Bininger [Id. 1,222]; Bank v. Campbell [14 Wall. (81 U. S.) 87]; Ex parte Bank of New Orleans, 3 Law Rep. 553; Woods v. Forsyth [Case No. 17,992]; Coit v. Robinson [19

Wall. (86 U. S.) 274]; Sedgwick v. Casey [Case No. 12,610]; Davis v. Anderson [Id. 3,-623]; In re Alexander [Id. 160]; Bump, Bankr. 201–309.

2. On the point that the statute only applies in cases in which the said section of the bankrupt act confers a concurrent jurisdiction in the circuit court: Morgan v. Thornhill, 11 Wall. [78 U. S.] 65; Bank v. Ogden, 2 Wall. [69 U. S.] 70; Clark v. Clark, 17 How. [58 U. S.] 321; In re Conant [Case No. 3,086]; Freelander v. Holloman [Case No. 5,081]; Davis v. Anderson [supra]; In re Krogman [Case No. 7,936]; Bump, Bankr. 314; Union Canal Co. v. Woodside, 1 Jones [11 Pa. St.] 179.

3. They also argued that the statute applied only to hostile claims or those by which the whole of the property, which was the subject thereof, was claimed, and not to claims which only asserted a right to a dividend.

THE COURT entered judgment for defendants on the demurrer.